**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ATLAS AIR, INC. and SOUTHERN AIR, INC., | Civil Action No. |
| Plaintiffs, | |
| v. | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS; INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION; and AIRLINE PROFESSIONALS ASSOCIATION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 1224, | |
| Defendants. | |

**COMPLAINT TO COMPEL ARBITRATION UNDER**
**THE RAILWAY LABOR ACT**

Plaintiffs Atlas Air, Inc. ("Atlas") and Southern Air, Inc. ("Southern Air") (collectively, "Plaintiffs"), for their Complaint against International Brotherhood of Teamsters ("IBT"), International Brotherhood of Teamsters, Airline Division ("IBT Airline Division") and Airline Professionals Association of the International Brotherhood of Teamsters, Local Union No. 1224 ("Local 1224," and together with IBT and IBT Airline Division, "Defendants"), allege as follows:

**SUMMARY OF ACTION**

1.       Plaintiffs seek an order under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq*., to compel Defendants IBT, the union certified under the RLA to represent the pilots employed by Plaintiffs, and the IBT Airline Division and Local 1224, to arbitrate "minor disputes" under the RLA regarding the interpretation and application of the collective bargaining agreements applicable to the pilots employed by Atlas and Southern Air.  Defendants have

refused to comply with mandatory arbitration procedures for resolving minor disputes as required by the RLA.

2.     Under the RLA, disputes regarding "the interpretation or application of agreements concerning rates of pay, rules or working conditions," such as this one, are known as minor disputes. 45 U.S.C. § 184; *Elgin, Joliet & E. Ry. Co. v. Burley*, 325 U.S. 711, 722-23 (1945). The RLA provides that minor disputes fall within the "mandatory, exclusive and comprehensive" arbitration jurisdiction of the appropriate board of adjustment. *Bhd. of Locomotive Eng'rs v. Louisville & Nashville R.R. Co.*, 373 U.S. 33, 36-38 (1963); *Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320, 323-24 (1972). The decision of the board of adjustment is final and binding.

3.     Atlas and Southern Air have announced that they are merging their operations. The collective bargaining agreements governing the Atlas pilots and the Southern Air pilots each contain provisions governing the negotiation of a joint collective bargaining agreement ("JCBA") in the event that either carrier is involved in a merger. Plaintiffs and Defendants have a dispute regarding the interpretation of these contractual merger provisions. Plaintiffs contend that these contractual merger provisions are applicable in the present circumstances and that Defendants must negotiate for a JCBA in accordance with these contractual merger provisions. Defendants disagree and contend that these contractual merger provisions are not applicable and do not require that Defendants must negotiate for a JCBA.

4.     In accordance with the mandate of the RLA, Atlas and Defendants have established in their collective bargaining agreement an arbitration system board of adjustment to resolve grievances regarding the interpretation and application of the Atlas collective bargaining agreement (the "Atlas System Board"). Atlas has filed a management grievance for arbitration

before the Atlas System Board, alleging that Defendants have refused to negotiate for a JCBA in accordance with the merger provisions of the Atlas collective bargaining agreement.  The Atlas management grievance concerns the interpretation and application of the Atlas collective bargaining agreement, and therefore, is a minor dispute, which must be arbitrated by Plaintiffs and Defendants pursuant to the requirements of the RLA before the Atlas System Board. Defendants have refused to arbitrate Atlas's management grievance before the Atlas System Board, despite their duty to do so under the RLA.  Consequently, Atlas now seeks an order compelling Defendants to arbitrate the Atlas management grievance before the Atlas System Board.  *See Bhd. of Locomotive Eng'rs*, 373 U.S. at 36-38; *Andrews v. Louisville & Nashville R.R.*, 406 U.S. at 323-24.

5.     In accordance with the mandate of the RLA, Southern Air and Defendants have established in their collective bargaining agreement an arbitration system board of adjustment to resolve grievances regarding the interpretation and application of the Southern Air collective bargaining agreement (the "Southern Air System Board").  Southern Air has filed a management grievance for arbitration before the Southern Air System Board, alleging that Defendants have refused to negotiate for a JCBA in accordance with the merger provisions of the Southern Air collective bargaining agreement.  The Southern Air management grievance concerns the interpretation and application of the Southern Air collective bargaining agreement, and therefore, is a minor dispute, which must be arbitrated by Plaintiffs and Defendants pursuant to the requirements of the RLA before the Southern Air System Board.  Defendants have refused to arbitrate Southern Air's management grievance before the Southern Air System Board, despite their duty to do so under the RLA.  Consequently, Southern Air now seeks an order compelling Defendants to arbitrate the Southern Air management grievance before the Southern Air System

Board.  *See Bhd. of Locomotive Eng'rs*, 373 U.S. at 36-38; *Andrews v. Louisville & Nashville R.R.*, 406 U.S. at 323-24.

**JURISDICTION AND VENUE**

6.      This Court has subject-matter jurisdiction over the present action pursuant to 28 U.S.C. §§ 1331 and 1337, because this case arises under the RLA, 45 U.S.C. §§ 151 *et seq*., a federal statute regulating interstate commerce.

7.      Venue is proper within the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because subject-matter jurisdiction is not founded on diversity of citizenship and this District is a district where a substantial part of the events giving rise to Plaintiffs' claims occurred, where a Defendant in this action may be found, and/or where Defendants do business as unincorporated labor organizations.

**THE PARTIES**

8.      Plaintiff Atlas is a commercial air carrier with national and international operations.  Atlas is headquartered in Purchase, New York, which is within the Southern District of New York.  Atlas is a "common carrier by air" and, as such, it is a "carrier" within the meaning of Section 201 of the RLA, 45 U.S.C. § 181.

9.      Plaintiff Southern Air is a commercial air carrier with national and international operations.  Southern Air is headquartered in Florence, Kentucky, and certain of its executives are headquartered in Purchase, New York, which is within the Southern District of New York.  Southern Air is a "common carrier by air" and, as such, it is a "carrier" within the meaning of Section 201 of the RLA, 45 U.S.C. § 181.

10.      Defendant IBT is an unincorporated labor organization, and along with IBT Airline Division, has its principal offices in Washington, D.C.  Defendant Local 1224 is an unincorporated labor organization, with its principal offices in Wilmington, Ohio.  IBT is the

4

certified collective bargaining representative of the Atlas and Southern Air pilots under the RLA. Local 1224 is the local collective bargaining agent designated by the IBT through IBT Airline Division to represent the Atlas and Southern Air pilots.

11.     Atlas and IBT Airline Division are parties to a collective bargaining agreement governing the rates of pay, rules, and working conditions of the Atlas pilots (the "Atlas CBA"). The Atlas CBA became effective on September 8, 2011, and became amendable on September 8, 2016.  Southern Air and IBT Airline Division, Local 1224 are parties to a collective bargaining agreement governing the rates of pay, rules, and working conditions of the Southern Air pilots (the "Southern Air CBA").  The Southern Air CBA became effective on November 6, 2012, and became amendable on November 6, 2016.

## BACKGROUND

### The Obligation To Arbitrate Minor Disputes Before Boards of Adjustment Under The RLA

12.     Section 204 of the RLA requires that "disputes between an employee or group of employees and a carrier or carriers by air growing out of grievances, or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions," known as minor disputes, which have not been resolved by the grievance procedures antecedent to arbitration, "may be referred by petition of the parties or by either party to an appropriate adjustment board."  45 U.S.C. § 184; *Elgin, Joliet & E. Ry. Co.*, 325 U.S. at 722-23; *Bhd. of Locomotive Eng'rs*, 373 U.S. at 36-38; *Andrews*, 406 U.S. at 323-24.

13.     Section 204 further provides that "[i]t shall be the duty of every carrier and of its employees, acting through their representatives, selected in accordance with the provisions of this subchapter, to establish a board of adjustment."  45 U.S.C. § 184.

14.     Consistent with the mandates of the RLA, Atlas and Defendants have established the Atlas System Board.  Section 21 of the Atlas CBA provides that the Atlas System Board

"shall have jurisdiction over all disputes between a Crewmember and the Company, or between the Company and the Union, growing out of the interpretation or application of any of the terms of this Agreement or amendments thereto." (A copy of Section 21 of the Atlas CBA is attached hereto as Exhibit A.)

15.     Similarly, Southern Air and Defendants have established the Southern Air System Board.  Section 19 of the Southern Air CBA provides that the Southern Air System Board "shall have jurisdiction over disputes growing out of grievances or out of the interpretation or application of any of the terms of this Agreement."  (A copy of Section 19 of the Southern Air CBA is attached hereto as Exhibit B.)

***Defendants' Refusal To Arbitrate Atlas's Grievance***

16.     Atlas is a wholly-owned subsidiary of Atlas Air Worldwide Holdings, Inc. ("AAWH").  On January 19, 2016, AAWH announced that it intended to acquire Southern Air Holdings, Inc., the corporate parent of Worldwide Air Logistics Group, Inc., which in turn owned two subsidiary air carriers: Southern Air and Florida West International Airways, Inc. AAWH has further announced that it intends to merge the operations of Atlas and Southern Air. In a February 24, 2016 press release, Defendants acknowledged that AAWH had "announced its desire to merge the Atlas and Southern airlines and pilots."  Effective April 7, 2016, AAWH's acquisition of Southern Air Holdings, Inc. became effective, and Southern Air is now, like Atlas, a subsidiary of AAWH.

17.     Section 1.F of the Atlas CBA sets forth a process for negotiating the terms of a JCBA to govern the pilots of both carriers in the event of a merger.  (A copy of Section 1 of the Atlas CBA is attached hereto as Exhibit C.)  Section 1.F.2.b.iii provides that:

> … in the event the Company decides there will be a complete operational merger between the Company and an affiliated air carrier, or if the Company notifies the Union of its intent to integrate the Crewmember seniority lists of the Company and

an affiliated air carrier . . . . [i]f the crewmembers of the acquired carrier are represented by the Union, then the parties shall on a timely basis begin negotiations to merge the two pre-integration collective bargaining agreements into one agreement.  If a merged agreement has not been executed within nine (9) months from the date that the Union presents to the Company a merged seniority list that complies with the provisions of this paragraph F. 2, the parties shall jointly submit the outstanding issues to binding interest arbitration.  The interest arbitration shall commence within thirty (30) days from the conclusion of negotiations contemplated by this paragraph, and a final decision shall be issued within sixty (60) days after the commencement of the arbitration.

18.      Since announcing the merger with Southern Air, Atlas has taken the position that Section 1.F.2.b.iii requires the negotiation of a JCBA for the Atlas and Southern Air pilots and has attempted to commence negotiations with Defendants.  Defendants have taken the position that Section 1.F.2.b.iii does not apply to the current circumstances and have refused to bargain for a JCBA.

19.      In order to resolve the dispute over interpretation and application of Section 1.F.2.b.iii, Atlas filed a management grievance under the Atlas CBA on April 14, 2016.  In its grievance, Atlas submits the following issue to the Atlas System Board:  "Is IBT and/or Airline Professionals Association | Teamsters Local Union No. 1224 violating Section 1.F.2.b.iii of the Atlas-IBT CBA by refusing to engage in negotiations for a joint collective bargaining agreement pursuant to the terms and  conditions set forth therein in light of the announced operational merger of Atlas and Southern Air, Inc.?"  (A copy of Atlas's grievance is attached hereto as Exhibit D.)

20.      In the management grievance, Atlas requested expedited arbitration pursuant to Section 1.H. of the Atlas CBA.  Section 1.H. provides that any grievances based on alleged violations of "Section 1 [of the Atlas CBA] shall bypass the initial steps of the grievance process and shall be submitted, heard, and resolved through binding arbitration on an expedited basis directly before the Atlas Crewmembers' System Board of Adjustment sitting with a neutral

arbitrator.  The dispute shall be heard as soon as possible after submission to the System Board

and decided no later than thirty (30) days after the close of hearing, unless the parties agree

otherwise in writing."  (*See* Exhibit C.)

21.     On April 20, 2016, Defendants indicated that they did not believe the

management grievance was arbitrable before the Atlas System Board.  Subsequently, the parties

engaged in discussions for several months to resolve their disputes over Section 1.F.2.b.iii of the

Atlas CBA and the management grievance.  These discussions have continued through

February 7, 2017, but have not been successful.

***Defendants' Refusal To Arbitrate Southern Air's Grievance***

22.     The Southern Air CBA contains a merger provision that is similar to Section

1.F.2.b.iii of the Atlas CBA.  Specifically, Section 1.B.3 of the Southern Air CBA provides:

> In the event of a merger, this Agreement shall be merged with the merging air
> carrier's crewmember collective bargaining agreement, if any; if such merged
> agreement is not completed within nine (9) months from the date an integrated
> Master Seniority List is submitted to the surviving entity, the parties shall submit
> all outstanding issues to binding interest arbitration;

(A copy of Section 1 of the Southern Air CBA is attached hereto as Exhibit E.)

23.     In correspondence with Defendants on August 9, 2016, and again on October 21,

2016, Southern Air requested that Defendants enter into negotiations for a JCBA to cover the

Atlas and Southern Air pilots.   Southern Air also stated in its correspondence that to the extent

Defendants were taking the position that Section 1.B.3 was not applicable because Atlas and

Southern Air were not engaging in a "merger" within the meaning of Section 1.B.3., the

disagreement would constitute a minor dispute that should be submitted to the Southern Air

System Board.  Southern Air requested notification if Defendants were refusing to negotiate a

JCBA under Section 1.B.3, and requested expedited arbitration if this was in fact Defendants'

position.  Defendants have not responded to Southern Air's inquiry or its request for expedited

arbitration.  Accordingly, on January 24, 2017, Southern Air filed a management grievance under the Southern Air CBA to resolve the dispute over interpretation and application of Section 1.B.3.

24.     In its grievance, Southern Air submits the following issue to the Southern Air System Board:  "Is IBT and/or the Airline Professionals Association | Teamsters Local Union No. 1224 violating Section 1.B.3 of the Southern Air-IBT CBA by refusing to engage in negotiations for a joint collective bargaining agreement pursuant to the terms and conditions set forth therein in light of the merger of Atlas Air, Inc. ('Atlas') and Southern Air?"  (A copy of Southern Air's grievance is attached hereto as Exhibit F.)  Southern Air, like Atlas, also requested expedited arbitration of its grievance.

25.     Based on the foregoing, and on information and belief, Plaintiffs allege that Defendants have refused and are refusing to arbitrate the Southern Air management grievance before the Southern Air System Board, in contravention of the requirements of the RLA.

### PLAINTIFFS' CLAIM FOR RELIEF

26.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-25, inclusive.

27.     This action is governed by the RLA, 45 U.S.C. §§ 151 *et seq*.

28.     Atlas and Defendants have a disagreement over whether the procedures contained in Section 1.F.2 of the Atlas CBA to negotiate for a JCBA are applicable to the present circumstances.  Southern Air and Defendants similarly have a disagreement over whether the procedures contained in Section 1.B.3 of the Southern Air CBA to negotiate for a JCBA are applicable to the present circumstances.  These disagreements regarding the interpretation and application of the Atlas CBA and the Southern Air CBA are minor disputes under the RLA and,

as such, must be resolved through final and binding arbitration before the Atlas System Board and Southern Air System Board, respectively.

29.     While Defendants may advocate for their own interpretation of Section 1.F.2.b.iii of the Atlas CBA, and Section 1.B.3 of the Southern Air CBA, they may not refuse to arbitrate these minor disputes before the appropriate system board of adjustment.  By so doing, Defendants have violated, continue to violate, and, upon information and belief, intend to further violate, their duty under the RLA to resolve minor disputes through final and binding arbitration before a system board.  *See* 45 U.S.C. § 184.

30.     The federal courts have the authority under the RLA to compel arbitration of disputes regarding the interpretation or application of collective bargaining agreements — i.e., minor disputes — like the present dispute between Plaintiffs and Defendants.  *W. Airlines v. Int'l Bhd. of Teamsters,* 480 U.S. 1301, 1302 (1987) (a court may compel arbitration of a minor dispute before a system board even though the court lacks authority to interpret the terms of a collective bargaining agreement).  An order compelling Defendants promptly to arbitrate the parties' disputes is necessary to preserve the integrity of the RLA's dispute-resolution procedures and the jurisdiction of the Atlas System Board and the Southern Air System Board.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

(a)     Compelling Defendants to engage in an expedited arbitration hearing before the Atlas System Board with respect to Atlas's management grievance, pursuant to Sections 1.H and 21 of the Atlas CBA, and the mandate of the RLA; and

(b)    Compelling Defendants to engage in an expedited arbitration hearing before the

Southern Air System Board, with respect to Southern Air's management grievance, pursuant to

Section 19 of the Southern Air CBA, and the mandate of the RLA; and

(c)    Granting Plaintiffs such other relief as the Court may deem just and proper.

Date:   February 7, 2017                    Respectfully submitted,
        New York, New York

                                            O'MELVENY & MYERS LLP


                                            By:  /s/ Sloane Ackerman

                                            Mark W. Robertson
                                            Sloane Ackerman
                                            Times Square Tower
                                            7 Times Square
                                            New York, NY 10036
                                            Telephone:  (212) 326-2000
                                            Facsimile:  (212) 326-2061
                                            mrobertson@omm.com
                                            sackerman@omm.com

                                            Robert A. Siegel
                                            (*pro hac vice motion forthcoming*)
                                            Michael G. McGuinness
                                            (*pro hac vice motion forthcoming*)
                                            400 South Hope Street
                                            Los Angeles, California 90071
                                            Telephone:  (213) 430-6000
                                            Facsimile:  (213) 430-6407
                                            rsiegel@omm.com
                                            mmcguinness@omm.com

                                            *Attorneys for Plaintiffs*